## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DERRICK GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:24-cv-000001 |
| | ) | |
| SCHENKER, INC. | ) | |
| d/b/a D.B. SCHENKER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT SCHENKER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Schenker, Inc. (misidentified in the Complaint as "Schenker, Inc. d/b/a D.B. Schenker" and hereinafter identified as "Schenker"), by and through its undersigned counsel, K&L Gates LLP, hereby files the instant Answer and Affirmative Defenses to the Complaint of Derrick Green ("Green" or "Plaintiff").

### NATURE OF THE CLAIMS

1.    **This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter "ADA"), and the Texas Labor Code § 21.001 *et seq.* (hereinafter "TLC") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, and retaliation against Plaintiff because of his disability leading to his unlawful termination.**

Denied.  The averments of Paragraph 1 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

## JURISDICTION AND VENUE

**2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.**

Admitted in part; denied in part.  It is admitted only that this Court has jurisdiction over the claims set forth in the Complaint.  The remaining averments of Paragraph 2 state conclusions of law to which no response is required and are, accordingly, denied.

**3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.**

Denied.  The averments of Paragraph 3 state conclusions of law to which no response is required and are, accordingly, denied.

## THE PARTIES

**4.      Plaintiff, Green, is a citizen of the United States, and was at all times relevant, a citizen of the State of Texas, residing in Harris County, Texas.**

Admitted in part; denied in part.  It is admitted only that, upon information and belief, Plaintiff is a U.S. citizen who, during the course of his employment with Schenker, resided in Harris County, Texas.  Schenker is without knowledge or information sufficient to form a basis as to the truth or falsity of the remaining averments of Paragraph 4, and denies the same.

**5.      Defendant, Schenker, is a For Profit Corporation operating within this District at its 10650 Okanella Street, #100, Houston, Texas 77041 location.**

Admitted in part; denied in part.  It is admitted only that Schenker is a corporation with operations at 10650 Okanella Street, Houston, Texas 77041.  The remaining averments of Paragraph 5 state conclusions of law to which no response is required and are, accordingly, denied.

6.     **Defendant is a covered employer under the ADA.**

Denied.  The averments of Paragraph 6 state conclusions of law to which no response is required and are, accordingly, denied.

## PROCEDURAL REQUIREMENTS

7.     **Plaintiff has complied with all statutory prerequisites to filing this action.**

Denied.  The averments of Paragraph 7 state conclusions of law to which no response is required and are, accordingly, denied.

8.     **On January 4, 2023, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination and retaliation.**

Denied.  Schenker denies the averments of Paragraph 8 insofar as they refer to, contain an incomplete recitation of, mischaracterize, or interpret the contents of Plaintiff's EEOC Charge. The averments of Paragraph 8 are further denied as they state conclusions of law to which no response is required.

9.     **Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.**

Denied.  The averments of Paragraph 9 state conclusions of law to which no response is required and are, accordingly, denied.

10.    **On October 6, 2023, the EEOC issued to Plaintiff a Notice of Suit Rights, Conciliation Failure.**

Denied.  Schenker denies the averments of Paragraph 10 insofar as they refer to, contain an incomplete recitation of, mischaracterize, or interpret the contents of the EEOC Notice of Right to Sue.

3

**11.     This complaint was filed within ninety days of the EEOC Notice of Suit Rights.**

It is admitted only that the instant Complaint was filed within ninety days of the date shown on the EEOC Notice of Right to Sue.

**FACTUAL ALLEGATIONS**

**12.     Plaintiff is a male who is disabled.**

Admitted in part; denied in part.  It is admitted only that, upon information and belief, Plaintiff identifies as male.  The remaining averments of Paragraph 12 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**13.     Plaintiff was able to perform essential job functions.**

Because Plaintiff alleges that he was both able to perform essential job functions at certain points in time and unable to perform essential job functions at others, Schenker is unable to admit or deny Paragraph 13.  Thus, Schenker is without knowledge or information sufficient to form a basis as to the truth or falsity of the remaining averments of Paragraph 13, and denies the same.

**14.     Plaintiff was hired by Defendant on or about January 20, 2020 as an Operations Supervisor.**

It is admitted only that Plaintiff was hired as an Operations Supervisor on or about January 20, 2020.

**15.     On or about September 22, 2022, Plaintiff suffered a back injury and reported it the following day to James Sears, Manager for Defendant, and Rhonda Schneider, Director for Defendant.**

Admitted in part; denied in part.  It is admitted only that, on September 23, 2022, Plaintiff reported to Rhonda Schneider and James Sears that he was experiencing back pain.  Any remaining averments within Paragraph 15 are denied.  By way of further response, the purported workplace injury was not properly reported to Schenker until September 26, 2022.

4

**16.     Plaintiff's disability substantially limited one or more of his major life activities, including standing, lifting, and bending, and constituted a disability under applicable law.**

Denied.  The averments of Paragraph 16 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**17.     On or about September 26, 2022, Plaintiff also requested accommodations and provided a doctor's note to Ms. Schneider, Mr. Sears, Victor Ramirez, Supervisor for Defendant, Jon Cassey, Manager for Defendant, and Cherise Davies, HR Representative for Defendant.**

Admitted in part; denied in part.  It is admitted only that on or about September 26, 2022, Plaintiff sent an email to Ms. Schneider, Mr. Ramirez, Mr. Sears, and Ms. Davies attaching a doctor's note and noting certain "doctor's restrictions."  Any remaining averments of Paragraph 17 are denied.

**18.     Plaintiff attempted to return to work on or about October 4, 2022, but was told Plaintiff was not permitted to return to work until he was fully cleared by his doctor.**

Admitted in part; denied in part.  It is admitted only that Plaintiff was not permitted to return to work until he was cleared for work, with or without restrictions, by his medical provider. It is denied that Mr. Green attempted to return to work on October 4, 2022.

**19.     When Plaintiff attempted to return to work on about October 6, 2022, Plaintiff was told by Ms. Davies that Plaintiff could not return to work because she did not clear Plaintiff's return.**

Denied.  By way of further response, Plaintiff failed to provide Schenker with completed documentation confirming that his medical provider had cleared him to return to work and identifying what – if any – medical restrictions would apply.

**20.     On or about October 10, 2022, Plaintiff resubmitted his doctor's note requesting restrictions.**

It is admitted only that, on or about October 10, 2022, Plaintiff resubmitted a note from his medical provider to Schenker.

**21.     However, on or about October 11, 2022, Ms. Davies again told Plaintiff that he could not return to work, as she doubted the validity of Plaintiff's doctor's note.**

Admitted in part; denied in part.  It is admitted only that, on or about October 11, 2022, Ms. Davies advised Plaintiff that, in order to return to work, Schenker needed documentation relating to any doctor's restrictions and requested that Plaintiff be examined by a workers' compensation doctor.  Any remaining averments within Paragraph 21 are denied.

**22.     Plaintiff completed therapy shortly thereafter and was fully cleared by his doctor to return to work.**

Admitted in part; denied in part.  It is admitted only that Plaintiff was cleared by a physician to return to work on or about October 19, 2022.  Schenker is without knowledge or information sufficient to form a basis as to the truth or falsity of the remaining averments of Paragraph 22, and denies the same.

**23.      Plaintiff attempted to contact Ms. Davies but she did not respond.**

Denied.

**24.      Plaintiff was not approved to return to work, but Ms. Davies subsequently accused Plaintiff of being a no-call, no-show on or about October 24, 2022.**

Admitted in part; denied in part.  It is admitted only that Schenker contacted Plaintiff on October 24, 2022 to inquire as to why he had not yet returned to work, and notified Plaintiff of Schenker's two-day no-call, no-show policy.  It is denied that Plaintiff had not yet been approved to return to work by Schenker as of October 24, 2022.  By way of further response, Plaintiff was cleared by a physician and approved by Schenker to return to work on October 19, 2022.

**25.      On or about March 22, 2023, Defendant terminated Plaintiff's employment under pretext.**

Admitted in part; denied in part.  It is admitted only that Schenker informed Plaintiff on March 22, 2023 that his employment had been terminated.  It is denied that Schenker terminated Plaintiff's employment under pretext.

**26.      The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.**

Denied.  The averments of Paragraph 26 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.  By way of further response, it is specifically denied that Schenker subjected Plaintiff to discriminatory or retaliatory conduct.

27.     **Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.**

Denied.  By way of further response, the averments of Paragraph 27 state conclusions of law to which no response is required and are, again, denied.

28.     **The unlawful employment practices complained of in the above-mentioned paragraphs were intentional, and done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.**

Denied.  The averments of Paragraph 28 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

29.     **Plaintiff has been damaged by Defendant's illegal conduct.**

Denied.  The averments of Paragraph 29 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

30.     **Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.**

Admitted in part; denied in part.  It is admitted only that Plaintiff has retained counsel to represent him in this action.   Schenker is without knowledge or information sufficient to form a basis as to the truth or falsity of the remaining averments of Paragraph 30, and denies the same.

### Count I: Disability Discrimination in Violation of the ADA

31.     **Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.**

Schenker realleges and reincorporates by reference its response to each of the averments set forth above as if stated verbatim and in full.

32.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

Denied.  The averments of Paragraph 32 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

33.     Plaintiff was able to perform the essential functions of his job at the time of his termination.

Denied.  The averments of Paragraph 33 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

34.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

Denied.  The averments of Paragraph 34 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

35.     Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

Denied.  The averments of Paragraph 35 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

36.     Plaintiff has been damaged by illegal conduct.

Denied.  The averments of Paragraph 36 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**37.      Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.**

Denied.  The averments of Paragraph 37[1] state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**38.      Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.**

Denied.  The averments of Paragraph 38 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**39.      Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.**

Denied.  The averments of Paragraph 39 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**Count II: Failure to Accommodate under the ADA**

**40.      Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30, above.**

Schenker re-alleges and reincorporates by reference its response to each of the averments set forth above as if stated verbatim and in full.

---

[1] The numbered paragraphs in Plaintiff's Complaint skip from Paragraph 36 to Paragraph 81 (omitting paragraphs 37-80), then restart again at Paragraph 81 in Count IV.  For the avoidance of doubt, Schenker has renumbered the Complaint Paragraphs for the remainder of its Answer so that they appear sequentially.

41.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

Denied.  The averments of Paragraph 41 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

42.     Plaintiff was able to perform the essential functions of his job at the time of his termination.

Denied.  The averments of Paragraph 42 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

43.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

Denied.  The averments of Paragraph 43 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

44.     Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations for Claimant's disability.

Denied.  The averments of Paragraph 44 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

45.     Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process.

Denied.  The averments of Paragraph 45 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**46.    Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.**[2]

Denied.  The averments of Paragraph 46 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**47.    Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling him to compensatory damages.**

Denied.  The averments of Paragraph 47 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**48.    Defendant has engaged in discriminatory practices with malice and reckless indifference to the federally protected rights, thereby entitling him to punitive damages.**

Denied.  The averments of Paragraph 48 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

<u>**Count III: Retaliation under the ADA**</u>

**49.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30, above.**

Schenker realleges and reincorporates by reference its response to each of the averments set forth above as if stated verbatim and in full.

**50.    Defendant intentionally retaliated against Plaintiff for engaging in protected activity.**

Denied.  The averments of Paragraph 50 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

---

[2] This Paragraph in Plaintiff's Complaint is not identified as a separate numbered paragraph; however, Schenker understands that the foregoing is intended to be Paragraph 46 and responds as such.

**51.     Defendant's conduct violates the ADA.**

Denied.  The averments of Paragraph 51 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**52.     Plaintiff has satisfied all statutory prerequisites for filing this action.**

Denied.  The averments of Paragraph 52 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**53.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.**

Denied.  The averments of Paragraph 53 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**54.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.**

Denied.  The averments of Paragraph 54 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**55.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the federally protected rights, thereby entitling him to punitive damages.**

Denied.  The averments of Paragraph 55 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

### Count IV: Disability Discrimination in Violation of the TLC

**56.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.**

Schenker realleges and reincorporates by reference its response to each of the averments set forth above as if stated verbatim and in full.

57.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the TLC. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

Denied.  The averments of Paragraph 57 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

58.     Plaintiff was able to perform the essential functions of her [sic] job at the time of her [sic] termination.

Denied.  The averments of Paragraph 58 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

59.     Defendant is prohibited under the TLC from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

Denied.  The averments of Paragraph 59 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

60.     Defendant violated the TLC by unlawfully terminating and discriminating against Plaintiff based on his disability.

Denied.  The averments of Paragraph 60 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

61.     Plaintiff has been damaged by Defendant's illegal conduct.

Denied.  The averments of Paragraph 61 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**62.    Defendant's discriminatory conduct, in violation of the TLC, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.**

Denied.  The averments of Paragraph 62 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**63.    Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.**

Denied.  The averments of Paragraph 63 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**64.    Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's protected rights, thereby entitling him to punitive damages.**

Denied.  The averments of Paragraph 64 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**Count V: Retaliation in Violation of the TLC**

**65.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30, above.**

Schenker realleges and reincorporates by reference its response to each of the averments set forth above as if stated verbatim and in full.

**66.    Defendant intentionally retaliated against Plaintiff for engaging in protected activity.**

Denied.  The averments of Paragraph 66 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

**67.    Defendant's conduct violates the TLC.**

Denied.  The averments of Paragraph 67 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

68.     Plaintiff has satisfied all statutory prerequisites for filing this action.

Denied.  The averments of Paragraph 68 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

69.     Defendant's discriminatory conduct, in violation of the TLC, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

Denied.  The averments of Paragraph 69 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

70.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

Denied.  The averments of Paragraph 70 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.

71.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

Denied.  The averments of Paragraph 71 state conclusions of law to which no response is required; to the extent they are deemed factual, they are denied.  By way of further response, Plaintiff's "federally protected rights" are not within the purview of the Texas Labor Code.

## PRAYER FOR RELIEF

The remainder of the Complaint is a prayer for relief to which Schenker is not required to respond.  To the extent a further response is deemed necessary, Schenker denies any and all liability; prays that Plaintiff's Complaint be dismissed with prejudice and that the Court enter judgment in favor of Schenker on all Counts of the Complaint; that Schenker be awarded its costs and expenses in defending this action, including attorneys' fees; and for such other relief that the Court deems proper, including any equitable relief.

## **AFFIRMATIVE DEFENSES**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Schenker asserts the following Affirmative Defenses to Plaintiff's Complaint:

### **First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages as a result of any act or omission by Schenker.

### **Third Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because he is not entitled, in whole or in part, to the damages set forth in the Complaint.

### **Fourth Affirmative Defense**

The claims set forth in the Complaint are barred because Schenker has not breached any legal duty owed to Plaintiff.

### **Fifth Affirmative Defense**

All of Plaintiff's damages, if any, are barred, in whole or in part, to the extent Plaintiff failed to mitigate any such damages.

### **Sixth Affirmative Defense**

Plaintiff is estopped and barred by his own conduct from requesting the relief set forth in the Complaint.

### **Seventh Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

## Eighth Affirmative Defense

Plaintiff fails to allege facts sufficient to allow the recovery of punitive damages from Schenker.   Further, Plaintiff is not entitled to recover the punitive damages alleged in the Complaint because such an award would violate Schenker's rights under the Constitution of the United States of America and/or Constitution of Texas.

## Ninth Affirmative Defense

Schenker hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend its Answer and/or to otherwise assert such defenses.

Dated: March 4, 2024

Respectfully Submitted,

*/s/ Grace M. Haidar*
K&L Gates LLP
Grace M. Haidar (Bar Id No. 24125964)
*Attorney-in-Charge*
609 Main Street
Houston, Texas 77002
T. 713-815-7300
grace.haidar@klgates.com

David J. Garraux (*phv forthcoming*)
Jessica L.G. Moran (*phv forthcoming*)
K&L Gates LLP
210 Sixth Ave.
Pittsburgh, PA 15222
T. 412-355-6300
david.garraux@klgates.com
jessica.moran@klgates.com

*Counsel for Defendant Schenker, Inc.*

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned counsel hereby certifies that a true and accurate copy of the foregoing was served on all counsel of record via the Court's ECF system on March 4, 2024.


*<u>/s/ Grace M. Haidar</u>*
Grace M. Haidar